### UNION PAPER-BAG MACH. CO. et al. v. WATERBURY et al.

(Circuit Court, S. D. New York. December 6, 1893.)

1. PATENTS—INVENTION—PAPER BAGS.
   When there has once been embodied the conception of a flat-bottomed paper bag, capable of being folded flat, and easily distended into an unsupported box, there is no invention in changing the shape or order of the folds, without producing any new or beneficial result.

2. SAME.
   Reissue patent No. 10,083, granted April 11, 1882, to Mark L. Deering for improvements in the manufacture of paper bags, is void for want of invention. · 39 Fed. 389, overruled.

In Equity. This is a suit for infringement of reissued letters patent No. 10,083, granted April 11, 1882, to Mark L. Deering, for improvements in the manufacture of paper bags.

The first claim of the patent in controversy was, at final hearing, held to be valid by this court, and a decree was entered in favor of the complainants for an injunction and an accounting. Subsequently the defendants obtained leave to file a bill of review based upon newly-discovered evidence. Issue was joined upon the bill thus filed, and the cause now comes on for hearing upon the new testimony thus taken. A full and accurate description of the supposed invention will be found in the former decision of the court. 39 Fed. 389. Decree vacated, and bill dismissed.

George Harding and Francis T. Chambers, for complainants.
Albert H. Walker and Frederic H. Betts, for defendants.

COXE, District Judge. Three questions arise upon the new evidence. First. Is the Deering patent anticipated by the alleged Wittkorn use? Second. Is it anticipated by the alleged Besserer use? Third. Does the patent disclose invention in view of the bags, which, beyond all doubt, are proved to have been made by Wittkorn prior to 1877? The question of prior use, and particularly as it relates to the Wittkorn testimony, is a close one. Were it an ordinary question, depending upon a mere preponderance of proof, the decision would necessarily go to the defendants, for Wittkorn and the other witnesses are uncontradicted and unimpeached. But the fact that the witnesses were testifying as to events which transpired 15 years before, uncorroborated by any anticipating structure made at the time, may justify the conclusion that their statements are not established beyond a reasonable doubt. It is, however, unnecessary to discuss this defense as the cause must be determined upon the question of invention. The nature of the supposed invention as described by the patentee "relates to forming paper bags with such bottoms that said bags, when distended, shall have flat bottoms of rectangular form on which to stand erect and unsupported when

filled." The manner of constructing these bags, by folding and pasting the paper, is stated in the claim as follows:

"(1) The herein-described process or method of forming paper bags by making in a sheet of paper or blank the folds B and C, then pasting together the two sides A¹ A², forming a bellows-sided body or tube of the bag, then spreading open one end of said body or tube, then forming the inwardly-projecting triangle folds H H, side laps, G G, and laps I J, which latter are secured in place by pasting or otherwise, substantially as described."

The patent is described by one of the officers of the complainant company, with the clean-cut terseness characteristic of a business man, as "a method patent for making a satchel-bottom on our bellows side-fold bags." Although the prior art was very inadequately developed at the former hearing the court was manifestly in doubt upon the subject of patentability. It now appears that bags, which in function and appearance so closely resemble the Deering bag that only an expert can tell the difference, had been made by methods so similar that they differed only as two persons would differ in folding a piece of paper to produce a given structure. The thing produced—the bag—was, for business purposes, practically the same. It is true, strictly speaking, that the Wittkorn bags did not have the satchel bottom, but satchel-bottomed bags were old and the envelope-shaped fold was so well known in this and every analogous art that it would seem the natural one to adopt. It is difficult to see how it required an exercise of the inventive faculties to put the satchel bottom into either of the two types of Wittkorn bag. One bag maker may select one form of fold, another bag maker another form, and so on, but they are not inventors if all accomplish, substantially, the same well-known result, the differences being of form only. The one who first embodied the conception of a flat-bottomed bag capable of being folded flat and easily distended into an unsupported box was very likely entitled to rank as an inventor. But after this had once been done it did not require invention to change the shape or order of the folds, unless some new or beneficial result was obtained. If a contrary contention be maintained where is the court to stop? Where shall the line be drawn? If invention resides in the mere sequence of steps, as many patents may be granted as new ways are suggested of folding the bag.

It is said that the Wittkorn bag was made on a former, but the Deering bag can also be made in this way and there is nothing in the patent to exclude the idea that blocks or other mechanical appliances may be used. The defendants' expert thinks the use of the former a distinct advantage; but whether this be so or not it will hardly be disputed that the method of making a Deering bag today by the use of a former would infringe the patent and that the same method in 1876 would anticipate it. A construction narrow enough to make a method which employed a block a different process would also negative the theory of the defendants' infringement. If Deering had never lived the paper bag industry would have been as far advanced. The changes which he made, assuming them to be improvements, are those that would naturally occur to the skilled bag maker. The two principal advantages—the flat folding and easy

transformation into a square box—were equally possessed by the Wittkorn bags.

It is true that the Deering bag is now a commercial success, millions being used annually, but this is due to the fact that they are made by machinery and are sold at an almost nominal price. Deering had nothing to do with this; the credit belongs to the inventors of the labor saving machines. Deering simply folded paper into a convenient bag. So did Wittkorn. Deering's bag would collapse for transportation and storage and open by a "flip through the air." So would Wittkorn's. If machinery had been invented for the latter it is probable that Deering's bag would no longer have been made by hand. If no machinery had been invented at all it is probable that both would have had a limited local success. The Wittkorn bag, like No. 5, for instance, certainly possesses some merits over the Deering bag which are obvious to the ordinary beholder, but for practical purposes the two are so nearly alike that it is like splitting hairs to attempt to distinguish them. That something magical lurks in the folds of the Deering structure or in the order of their production, that it required the effort of an inspired genius to fold the well-known satchel bottom on the old Wittkorn bags is an argument which surely does not satisfy the judgment, it appeals rather to one who has "listened with credulity to the whispers of fancy." The attempt to avoid the overwhelming force of the Wittkorn exhibits has been able and ingenious, but the conclusion cannot be resisted that the differences between the Wittkorn and Deering methods depend upon such a refinement of reasoning and are of a character so unsubstantial that invention cannot be predicated of them.

The proposition that there is nothing to show that the Wittkorn evidence was newly discovered, cannot, I think, be maintained on the pleadings and proofs. Even were it a question of proof only the testimony has convinced me that the evidence was discovered after the final hearing not only, but that it could not by the exercise of ordinary diligence have been discovered sooner.

It follows that the former decree must be vacated and the complainants' bill dismissed, but without costs.